**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krystle Michelle Nunes, | No. CV05-2114-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Matthew Driver, individually and in his capacity as a police officer of the City of Mesa; Dennis Donna, in his capacity as Chief of Police of the Mesa Police Department; City of Mesa, a municipal corporation organized and existing under the laws of the State of Arizona; John Does, I-X, and Jane Does, I-X; and White Partnerships, I-X, | |
| Defendant. | |

Defendants City of Mesa and former Mesa Police Chief Dennis Donna ("Defendants") have filed a motion to dismiss. Plaintiff alleges that on July 2 and 3, 2004, she was sexually assaulted by former Mesa Police Officer Matthew Driver. Dkt. #1, Ex. 1 at 4. Plaintiff brought a claim against Driver under 42 U.S.C. § 1983 for violation of her constitutional right to be free from unreasonable searches and seizures. *Id.* at 5. Additionally, she charged that Defendants "negligently, recklessly, knowingly and/or intentionally hired, trained, and supervised" Driver "and are thus liable and responsible under the doctrine of *respondeat superior*." *Id.* at 5-6. Defendants argue that the complaint is insufficient to state a claim "[b]ecause *respondeat superior* has been rejected as a viable claim under § 1983." Dkt. #

1  23 at 1. In response, Plaintiff argues that the motion should be denied because it was filed
2  after the responsive pleadings. Dkt. #28 at 2-3. She also argues that respondeat superior is
3  not the sole source of liability alleged in her complaint, asserting that the complaint also
4  fairly states a claim of deliberate indifference on the part of Defendants because the pleaded
5  facts show that Defendants "negligently, and perhaps even recklessly" supervised Driver
6  when they knew or should have known of his prior inappropriate conduct. *Id.* at 4-5.

### A.     Motion to Dismiss under Rules 12(b)(6).

8  Federal Rule of Civil Procedure 12(h)(2) allows a party to assert the "failure to state
9  a claim" defense in a motion for judgment on the pleadings. Rule 12(c) allows such a motion
10 "after the pleadings are closed but within such time as not to delay trial." Fed. R. Civ. P.
11 12(c). Plaintiffs do not contend that Defendants' motion will delay trial. *See* 5C WRIGHT
12 & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 ("If a party engages in excessive
13 delay before moving under Rule 12(c), the . . . court may refuse to hear the motion on the
14 ground that its consideration will delay or interfere with the commencement of the trial.").
15 Nor is the Court aware of any such delay tactic on the part of Defendants, especially since
16 all parties are within the deadline to file dispositive motions. *See* Dkt. # 20 (order extending
17 dispositive motion deadline to January 28, 2007). Thus, the defense is not waived even
18 though the responsive pleadings have been filed. The Court will consider the motion as one
19 for judgment on the pleadings under Rule 12(c). *See, e.g.*, *Elvig v. Calvin Presbyterian*
20 *Church*, 375 F.3d 951, 954 (9th Cir. 2004) (finding error in the trial court's consideration of
21 the motion to dismiss under Rule 12(b)(6) after all pleadings had been filed; the motion
22 "should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c)
23 . . ."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) ("Because it is only after the
24 pleadings are closed that the motion for judgment on the pleadings is authorized . . . the
25 defense of failure to state a claim [should be allowed] even after an answer has been filed.").
26 A motion for judgment on the pleadings under Rule 12(c) "is properly granted when,
27 taking all the allegations in the non-moving party's pleadings as true, the moving party is
28 entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th

- 2 -

Cir. 1998); *see Elvig*, 375 F.3d at 955 (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

### B.     Plaintiff's § 1983 Claim Against Defendant Donna.

Supervisory liability under § 1983 exists "if the supervisor participated in or directed the [constitutional] violations, or knew of the violations and failed to act to prevent them." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (internal quotations omitted) (denying motion to dismiss for failure to state a claim because plaintiffs had alleged that supervisors were "willfully blind to constitutional violations committed by their subordinates"). Lacking such "overt personal participation," § 1983 supervisory liability still exists if the official implements a policy that is deliberately indifferent to the plaintiff's constitutional rights, and that policy is the moving force behind the violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). There is no liability when the sole basis of the claim arises from a vicarious liability theory. *Id.* at 645-46. Moreover, if the supervisory liability is premised on a deliberately indifferent policy implemented by the official, "[i]n the Ninth Circuit, [a] plaintiff[] need not specifically allege a policy, it is enough if the policy may be inferred from the allegations of the complaint." *Greenawalt v. Sun City West Fire Dept.*, 250 F. Supp. 2d 1200, 1217 (D. Ariz. 2003).

The complaint is framed in terms of respondeat superior liability. This theory clearly does not give rise to § 1983 liability. Thus, if the specific words of the complaint were the only test for Rule 12(c) dismissal, Defendant Donna would prevail. As discussed above, however, courts must accept all allegations as true when addressing a Rule 12(c) motion. Plaintiff alleges one fact that saves her complaint – that Defendant Donna knew or should have known that Driver was committing sexual assaults prior to the alleged assault against Plaintiff. The Court may infer from this fact that it was a policy or custom to turn a blind eye

- 3 -

1 to these infractions. *Greenawalt*, 250 F. Supp. 2d at 1217. Moreover, the alleged knowledge
2 and failure to act satisfy the "deliberate indifference" standard.[1] *See Farmer v. Brennan*, 511
3 U.S. 825, 837-38 (1994) (deliberate indifference lies between negligence and purpose or
4 knowledge). Defendant Donna's motion to dismiss for failure to state a claim will therefore
5 be denied.

### C. Plaintiff's § 1983 Claim Against Defendant City of Mesa.

In order for a claim of municipal liability to withstand a motion to dismiss, an allegation of "a single [unconstitutional] act by a municipal officer with final policy making authority" suffices. *Greenawalt*, 250 F. Supp. 2d at 1217. Again, liberal construction of the pleadings is required. *Id.* at 1217-18.

As with Plaintiff's claim against Defendant Donna, Defendant City of Mesa's liability is erroneously framed in terms of respondeat superior. The complaint also alleges, however, that Defendant Donna is the Chief of Police and oversees the hiring and training of police officers for the City of Mesa. Dkt. #1, Ex. 1 at 2. This claim, liberally construed, implies that Defendant Donna is the final policy maker for the City on these matters. *See id.* (inferring final policy making authority of defendant). And as discussed above, the complaint can be construed to allege deliberate indifference regarding the supervision of Driver. Because Plaintiff alleges that Defendant Donna's deliberately indifferent supervision of Driver caused her harm and that Defendant Donna was acting as the final policy maker for the City of Mesa, the Court concludes that she has successfully stated a claim for § 1983 municipal liability.

**IT IS ORDERED:**

---

[1] In Plaintiff's response, she refers to the "negligen[t], and perhaps even reckless[]" supervision of Driver. Dkt. #28 at 5. The Supreme Court has equated the reckless disregard of a risk to the deliberate indifference of that risk. *Farmer v. Brennan*, 511 U.S. 828, 836 (1994). Negligence, on the other hand, is not sufficient for § 1983 liability as it does not reach the "deliberate indifference" standard. *Id.* Because the complaint can be read to allege the requisite mental state, however, Plaintiff's error is not of consequence.

1. Defendants City of Mesa and former Mesa Police Chief Dennis Donna's motion to dismiss for failure to state a claim (Dkt. #23) is **denied.**

2. Plaintiff's motion to strike Defendants' motion to dismiss (Dkt. #26) is **denied** as moot.

DATED this 22nd day of November, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge